UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VICTOR HERBERT CARROLL,

    Petitioner,

v.                                        Case No.  3:22-cv-2056/LAC/ZCB

M.V. JOSEPH, WARDEN FPC
PENSACOLA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Victor Herbert Carroll was convicted in the U.S. District Court for the Southern District of Alabama on drug and firearms charges. He is currently incarcerated at the Federal Prison Camp in Pensacola, Florida. Petitioner, proceeding *pro se*, has petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Respondent Warden Joseph has moved to dismiss the petition for lack of jurisdiction, arguing that Petitioner is improperly challenging his conviction and sentence using a § 2241 habeas petition instead of a motion to vacate under 28 U.S.C. § 2255. (Doc. 11). Petitioner has responded (Doc. 12), and the matter is ripe for decision. For the reasons below, the undersigned agrees with

Respondent and recommends dismissing Petitioner's § 2241 petition without prejudice for lack of jurisdiction.[1]

## I. Background

On July 25, 2019, Petitioner pleaded guilty to drug and firearms offenses in the U.S. District Court for the Southern District of Alabama. (S.D. Ala. Case 1:19cr134-CG-MU, Doc. 23). The court sentenced him to 120 months' imprisonment. (S.D. Ala. Doc. 39). Petitioner filed a direct appeal with the U.S. Court of Appeals for the Eleventh Circuit. (S.D. Ala. Doc. 44). That appeal remains pending. (11th Cir. Case 21-14231).

Despite the pendency of his direct appeal, Petitioner filed the current § 2241 petition on February 17, 2022. (Doc. 1). The petition contains the following six claims:

1. Tenth Amendment Violation—"Both issues of law, were (are) in the States Police power rights; Plaintiff was charged, convicted and detained by the State in 2010 for the exact same charges as this [sic] contested convictions." (Doc. 1 at 3).

2. Article III, sect. 2, clause 1 violation—"The USA failed to Properly access the District Courts [sic] Judicial Powers under Article III; Specifically, the failure to envoke [sic] 18 USC 3041, 'offense against the United States.'" (*Id.*).

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

3. Fifth Amendment Due Process violations—"Due process rights injured; the United States failed to present its alleged 'injury in fact(s)' to the District Court; as such, the Plaintiff failed to sustain its burden under Article III and § 3041." (*Id.* at 4).

4. Second Amendment Rights Violated—"Plaintiff was denied his rights to 'keep and bear' arms, as protected under the second amendment; Article VI 'Supremacy' protects such as inviolate. 18 USC 924(c)(1)(a) only gives statutory access." (*Id.*).

5. Fourteenth Amendment Violations—"Plaintiff's conducts [sic] were covered under Alabama State Law(s); as such, the right to have 'equal protection of law' was violated; prior State Convictions equals and establishes, these charges would be same." (*Id.* at 5).

6. Failure by Judge to uphold Rule 11 jurisdiction—"As the District Court failed to sua sponte check for Jurisdiction, as noted above, the court violated the Rule 11 Jurisdictional check, and in so doing, all Rule 11 guidances [sic] were negated without authority." (*Id.*).

Petitioner has not filed a motion to vacate his conviction or sentence under 28 U.S.C. § 2255. (*Id.* at 2). He claims that a remedy under § 2255 would be inadequate or ineffective because the "Court lacks in Article III jurisdiction, and as such, the § 2255 remedy is not applicable, nor is the court authorized to remedy its own jurisdictional error in reliance on the 2255 remedy." (*Id.*).

Respondent has moved to dismiss the petition, arguing that this Court lacks jurisdiction because Petitioner is improperly attempting to challenge his conviction and sentence by way of a § 2241 petition in the Northern District of Florida (the district of confinement), instead of a § 2255 petition in the Southern District of Alabama (the district of conviction). (*See* Doc. 11). Petitioner has responded by

arguing that this Court "is empowered with the equitable remedy of habeas corpus" and "the facts within the underlying criminal case support its issuance." (Doc. 12 at 6).

## II. Discussion

A federal prisoner wishing to collaterally attack his detention typically has two potential options: (1) a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255; or (2) a petition for habeas corpus under 28 U.S.C. § 2241. The two options are not interchangeable, and each comes with its own specific rules and prerequisites.

A § 2255 motion is the primary way for a prisoner to collaterally attack the lawfulness of his conviction and sentence. *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990). A § 2255 motion must be filed in the district "which imposed the sentence." 28 U.S.C. § 2255(a). On the other hand, a habeas corpus petition under § 2241 is the primary way to challenge prison disciplinary actions, prison transfers, and certain types of detention. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351-52 (11th Cir. 2008). Section 2241 petitions must be filed in the district where the prisoner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (stating that a prisoner should file a § 2241 petition in "the district of confinement").

There is one circumstance—and a very rare one at that—where a prisoner can use a § 2241 habeas petition to challenge the lawfulness of a conviction and sentence. That circumstance is set forth in 28 U.S.C. § 2255(e), which is known as the "saving clause." *Parson v. Warden*, 836 F. App'x 825, 828 (11th Cir. 2020). The saving clause applies if a prisoner makes a showing that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). If a prisoner fails to make that showing, then the district court lacks jurisdiction to consider a § 2241 petition that challenges a conviction and sentence. *Amodeo v. FCC Coleman-Low Warden*, 984 F.3d 992, 997 (11th Cir. 2021).

The Eleventh Circuit has held that when determining if a "'prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim.'" *Id*. at 998 (quoting *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1086-87 (11th Cir. 2017) (en banc)). Put another way, a § 2255 motion is "inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *Id*. (emphasis omitted). This means that if a prisoner has a "meaningful opportunity to test his claim in a § 2255 motion," then he is prohibited from bringing that claim in a § 2241 petition. *Parson*, 836 F. App'x at 828 (cleaned up).

Here, Petitioner is clearly attempting to use a § 2241 petition to challenge the lawfulness of his conviction and sentence. The Court, therefore, must determine

5

whether he has made the showing necessary to trigger the § 2255(e) saving clause. He has not. Petitioner claims that his conviction violated the Tenth Amendment, Article III, the Fifth Amendment, the Second Amendment, the Fourteenth Amendment, and Rule 11 of the Federal Rules of Criminal Procedure. These are all the type of claims that could be remedied via a § 2255 motion. Petitioner, therefore, has failed to show that a § 2255 motion would be an inadequate or ineffective way to test those claims. This, of course, does not mean that Petitioner would necessarily be entitled to relief under § 2255—it simply means that a § 2255 motion would provide an adequate and effective route to test the claims. *See Amodeo*, 984 F.3d at 998 (explaining that the "availability of a remedy to provide the relief sought by the movant, if he is successful, is essential, but the actual award of relief to the movant is not"). Because Petitioner has failed to show that the saving clause in § 2255(e) applies, this Court lacks jurisdiction over his § 2241 petition.[2]

---

[2] It bears mentioning that a motion for relief under § 2255 would likely be premature because Petitioner's direct appeal is still pending before the Eleventh Circuit. Generally speaking, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Indeed, absent "extraordinary circumstances, a district court does not have jurisdiction to consider or rule on a § 2255 motion during the pendency of a direct appeal of the underlying criminal conviction or sentence." *Blair v. United States*, 527 F. App'x 838, 839 (11th Cir. 2013).

### III.  Conclusion

Petitioner has filed a § 2241 habeas corpus petition that challenges the lawfulness of his conviction and sentence.  But he has failed to establish that the § 2255(e) saving clause applies.  As a result, this Court lacks jurisdiction over the § 2241 petition.  The undersigned, therefore, concludes that dismissal without prejudice is appropriate.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Respondent's Motion to Dismiss Misfiled and Mischaracterized § 2255 Petition for Lack of Jurisdiction (Doc. 11) be **GRANTED**.

2. The petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** without prejudice.

3. The Clerk of Court be directed to close the file.

At Pensacola, Florida, this 4th day of June 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate**

7

**judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**